**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

CHRIS SCHROEDER,
               Plaintiff,

v.

                                     ACTION NO. 4:10cv165

GLASSER & GLASSER, P.L.C.,
               Defendant.

## OPINION AND ORDER

      This action is brought under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, et seq., and the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §§ 1692, et seq.  The Defendant Glasser & Glasser ("Defendant" or "Glasser"), as the sole remaining defendant in this action, filed a Motion to Dismiss (ECF No. 15), which was ordered construed as a Motion for Summary Judgment by the Honorable Raymond Jackson.  ECF No. 18.  The Defendant was given the opportunity to supplement their Motion, and Plaintiff was permitted additional time to respond to Defendant's Motion and supplements, if any.  Defendant did not supplement, and Plaintiff responded to the original Motion.  ECF No. 23.  Defendant submitted its reply.  ECF No. 24. Parties consented to the jurisdiction of the undersigned for the remainder of this action, and the matter is ripe for decision on summary judgment.  ECF No. 19.

## I.  Factual and Procedural History[1]

     Plaintiff, Chris Schroeder, filed his complaint against Defendants Glasser & Glasser, P.L.C., FIA Card Services, N.A., and Bank of America, Corp. on December 17, 2010, alleging

---

[1] Neither party submitted a list of undisputed facts, so this section includes facts gathered from throughout the pleadings.

Defendants violated portions of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. Compl., ECF No. 1.  This Court has proper jurisdiction under 28 U.S.C. § 1331, and proper venue over this matter because all facts alleged occurred within the Eastern District of Virginia.  Id. ¶ 2.

Defendant Glasser is a debt collection agency located in Norfolk, Virginia, and as such, is governed by the FDCPA.  Id. ¶ 3; Ans. ¶ 3, ECF No. 12.  Prior to the events at issue in this litigation, Plaintiff appears to have garnered debt through two lines of credit using the services of the co-defendants, FIA and Bank of America. Compl. ¶ 5; Def. Glasser Mem. in Supp. of Mot. to Dismiss at 2, ECF No. 14 (Glasser Mem.). Glasser was retained by the two co-defendants, FIA and Bank of America to "pursue collection actions against Schroeder."  FIA & Bank of Am. Mem. in Supp. of Mot. to Dismiss at 5, ECF No. 4.[2]  Glasser's initial contact with Plaintiff occurred on February 5, 2010 in the form of two letters identifying themselves and the account that has been placed for collection. Glasser Mem. Exs. 1&2. During the course of its debt collection, Glasser received two letters from Plaintiff dated February 23, 2010 disputing the debt and requesting validation of the debt with the creditor.  Glasser Mem. at 1-2.  In response, Glasser forwarded Plaintiff two verification of debt letters, one for each debt in collection. ECF Nos. 14-7 & 14-11.  The first verification of debt letter is dated March 18, 2010, and the second verification of debt letter is dated April 6, 2010.  Attached to each of the verification letters are copies of the monthly statements supporting each debt amount. Glasser Mem., ECF Nos. 14-7 & 14-8.

On May 3, 2010, Glasser filed a state court action in the Circuit Court for the City of Chesapeake against Plaintiff in an effort to collect the debt that was owed. Glasser Mem., ECF

---

[2] The complaint as to co-defendants FIA and Bank of America was dismissed on a Rule 12(b)(6) motion for failure to state a claim against these defendants on March 16, 2011.  ECF No. 9.

No.14-9.  The state action appears to still be pending.  Offers of settlement were communicated to Plaintiff by Glasser on behalf of Bank of America and FIA by letters dated July 7, 2010 and August 17, 2010.  Glasser Mem., ECF Nos. 14-10 & 14-11.  There appears to be no response from Plaintiff.  On December 17, 2010, Plaintiff filed the instant action alleging Glasser violated the FDCPA.

Plaintiff's complaint contained counts alleging wrongdoing under the FCRA and the FDCPA, however the alleged violations of the FCRA were committed by Bank of America and FIA, who are no longer in this action.  The Plaintiff's only remaining claims are under the FDCPA against Glasser.  Count One alleges that Glasser failed to verify the debt despite Plaintiff sending notices requesting that each debt be verified before further collection practices can continue.  Plaintiff asserts that Glasser continued to pursue debt collection without first verifying the debt in violation of 15 U.S.C. § 1692g.  Compl. ¶¶ 8-10.

Plaintiff next alleges in Count Two that Glasser's correspondence dated February 5, February 23, March 18, and August 17, 2010 violated the overshadowing provisions of the FDCPA. 15 U.S.C. § 1692g(b) (2006).[3]  In the final count against Glasser, Count Three, Plaintiff alleges the filing of a state court action on May 3, 2010 against Plaintiff in an effort to collect Plaintiff's debt violated 15 U.S.C. § 1692g(b).

As the only defendant left in this action, Glasser filed a Motion to Dismiss on April 18, 2011. ECF No. 14.  Because Glasser attached documents which are not attached to the complaint, the district judge ordered the Motion to Dismiss be construed as a Motion for Summary Judgment in accordance with Federal Rule of Civil Procedure 12(d).  Fed. R. Civ. P. 12(d) (stating that if matters outside the pleadings are to be considered, the Court must treat the motion as one for

---

[3] This Court will assume that Plaintiff is referring to this provision which refers to "overshadowing," rather than § 1692g(c), the provision he cited in his complaint.

summary judgment).  Parties were given time to supplement and respond. Or., ECF No. 18 (". . . the Court will allow Defendant to supplement its Motion with additional material, if any, appropriate for consideration on a motion for summary judgment.  The Court DIRECTS that any such supplement be filed within ten (10) days of the date of this Order.  Plaintiff is ADVISED that he may respond to Defendant's supplement, if any, by filing any material he wishes to offer in rebuttal within forty (40) days. . . .").  Plaintiff responded on June 22, 2011 (ECF No. 23) and Defendant replied on June 23, 2011 (ECF No. 24).  Defendant did not supplement their Motion to Dismiss, and Plaintiff should have complied with the original deadline for filing his response to Defendant's motion.  Plaintiff, however, did not timely file with the clerk's original due date for his response. The Court will excuse this untimely filing, as it appears to have resulted from some confusion stemming from the Court's May order.

## II.  Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  For the evidence to present a "genuine" issue of material fact, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, the Court must view the facts, and inferences to be drawn from the facts, in the light most favorable to the non-moving party. Id. at 255.  Finally, either party may submit as evidence "pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits" to support or rebut a summary judgment motion. Fed. R. Civ. P. 56(c).  Each party has had an opportunity to respond and supplement the original motion to dismiss, therefore the action is ripe for decision on summary judgment.

### III. <u>Discussion</u>

After reviewing the pleadings presented, this Court finds there is no genuine issue of material fact.  The Court also finds that a violation of the FDCPA has not occurred, and Defendant is entitled to judgment as a matter of law.    In his complaint, Plaintiff alleges that (1) Glasser did not verify the debt at his request, (2) Glasser violated the FDCPA by mailing him correspondence after he requested verification of his debt, and finally, (3) that Glasser filed a law suit prior to verifying the debt in violation of the FDCPA.  Plaintiff provided the Court with his letter requesting verification, and the certified mail receipt from the United States Postal Service, but provided no correspondence received from Glasser.  Opp'n Ex. 1, ECF No. 23-1.  Defendant does not dispute that they received Plaintiff's notifications, nor do they dispute when they were received.  Glasser Mem. at 2. Additionally, there appears to be no disagreement about what is contained in the Plaintiff's notifications.  Defendant agrees with the Plaintiff that the notices sent were letters requesting verification of the debt, as is Plaintiff's right under the FDCPA.  <u>Id.</u> Plaintiff attempts to allege that Defendant did not respond to his notification, did not verify his debt, and continued unlawfully with debt collection procedures.  Defendant, however, provided copies of each of the challenged correspondence to the Court, in which the Court can see that Glasser verified Plaintiff's debt.  <u>See</u> Glasser Mem. Exs. 7, 11.

Plaintiff alleges in Count One that Glasser failed to verify the debt upon receipt of his notice requesting that they do so.  The FDCPA requires "[i]f the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt . . . is disputed . . . the debt collector shall cease collection of the debt until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer."  15 U.S.C. § 1692g(b).  Glasser initiated contact with Plaintiff regarding his debt on February 5, 2010.

Glasser Mem. Exs. 1, 2.  Glasser again contacted Plaintiff to offer settlement terms on February 23, 2010.  Glasser Mem. Exs. 3, 4.  Plaintiff did not send his notice requesting verification until after he received these initial letters from Glasser.[4]  Glasser Mem. Exs. 5, 6. Once Glasser received Plaintiff's notice, there appears to be no further efforts at debt collection until Glasser sent Plaintiff the verification letters on March 18, 2010 and April 6, 2010.  Glasser ceased collection practices and verified Plaintiff's debt, and thus fully complied with the regulations provided in § 1692g(b).  Further, in his response to Glasser's motion, Plaintiff did not dispute that documents provided by Glasser were verification of the debt.  Plaintiff also does not state how or why these documents are insufficient under the FDCPA.  The Court, therefore, considers these documents sufficient evidence that Glasser verified Plaintiff's debt in a timely fashion in accordance with the FDCPA.

Plaintiff attempts to create a factual dispute as to whether Glasser did "talk" to the creditors to obtain the verification information.  Opp'n at 9.  Plaintiff implies that Glasser did not engage in an investigation to determine the validity of the debt as required by the statute.  There is no evidence to suggest Glasser attempted to, or engaged in, any dishonest activity.  In fact, Glasser went beyond the statute requirements and provided Plaintiff with copies of each statement related to his debt.  See Glasser Mem. Exs. 7-9, 11.  Plaintiff's unsupported far-fetched allegations do not create an issue of disputed material fact.

Plaintiff next alleges that the correspondence received from Glasser violate the overshadowing provisions of the FDCPA.  The Act provides that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the

---

[4] Plaintiff's notice requesting verification was dated February 23, 2010 and Glasser's letters offering settlement terms were also dated February 23, 2010.  It seems reasonable to assume that Glasser received Plaintiff's notice after sending Plaintiff the offers for settlement.  Plaintiff does not allege that Glasser received his notice before sending the February 23, 2010 offers of settlement.

disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b). The cited correspondences in Plaintiff's complaint do not violate, nor are they inconsistent with Plaintiff's rights. The February 5, 2010 letters are the initial contact by Glasser that informed Plaintiff of his debt that had been placed for collection. The February 23, 2010 communications were sent by Glasser before they received Plaintiff's request for validation. The March 18, 2010 letter was validation of the debt requested by Plaintiff, and thus, cannot be inconsistent with his rights, because it provides him with the information he sought. Finally, the August 17, 2010 letter was sent to Plaintiff after they had verified his debt and resumed collection procedures. Nothing in the FDCPA is prohibitive of Glasser sending the cited correspondence to Plaintiff. Each of these letters is in compliance with the FDCPA. Additionally, Plaintiff raises no factual disputes as to the content or dates of the correspondence, nor does he demonstrate how the correspondence is violation of the FDCPA. A reasonable jury could not find that the correspondence was in violation of the statute, and therefore, Glasser is entitled to summary judgment.

Finally, Plaintiff alleges that the Defendant's filing of a state court action in pursuit of debt collection against the Plaintiff constituted a violation of the FDCPA because Plaintiff requested that Defendant verify his debt. As stated above, Plaintiff did request that Glasser verify his debt, Glasser did verify his debt, and after notifying Plaintiff of the verification, Glasser filed a state court action against Plaintiff in the Circuit Court for the City of Chesapeake on May 3, 2010. Va. Cir. Ct. CL 10-1062 (Chesapeake). Glasser provided Plaintiff with the information required under the statute, and was within its rights to file a state court action against Plaintiff. Plaintiff points to no factual errors, or specific wrongful conduct by Glasser, therefore Plaintiff has not demonstrated that there exists any dispute of fact. Plaintiff has not rebutted Glasser's argument

entitling it to judgment as a matter of law.  Glasser is entitled to summary judgment on each of the three remaining counts in the complaint.

### IV. <u>Order</u>

Plaintiff has failed to demonstrate that there is a single disputed fact in this litigation. Further, Plaintiff has failed to demonstrate any unlawful conduct by Defendant Glasser. Therefore, this Court ORDERS Defendant's Motion to Dismiss (construed as a motion for summary judgment) (ECF No. 15) be GRANTED, and further ORDERS this case DISMISSED.

The Clerk is DIRECTED to mail a copy of this Order to Mr. Schroeder, and counsel of record for Defendant.  The Clerk is further DIRECTED to enter judgment for Defendant Glasser.

Plaintiff is ADVISED that he may appeal from the judgment entered pursuant to this Order by forwarding a <u>written</u> notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of the judgment entered by the Clerk.


_____/s/_____
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
July 18, 2011